IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| GEORGE COOKE,  )  <br>    Movant,  )  <br>  ) | |
| v.  )  <br>  ) | CIVIL ACTION NO. 1:06-0946  <br>(Criminal No. 1:04-00013) |
| UNITED STATES OF AMERICA,  )  <br>    Respondent.  ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and formerly incarcerated at MCFP Springfield,[1] filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on October 31, 2006 and January 3, 2007.[2] (Document Nos. 58 and 61.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 60.)

**FACT AND PROCEDURE**

On April 13, 2004, Movant pled guilty in the United States District Court for the Southern District of West Virginia to possession of a shotgun having an overall length of less than 26 inches and a barrel length of less than 18 inches in violation of 26 U.S.C. § 5861(d) and 5871 as charged in Count 2 of the Indictment. United States v. Cooke, Criminal No. 1:04-0013 (S.D.W.Va. Aug. 19, 2004). On August 19, 2004, the District Court sentenced Movant to a 66-month term of

---

[1] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on March 20, 2009.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imprisonment to be followed by a three year term of supervised release. (Document No. 32.) On September 15, 2004, Movant appealed his sentence to the Fourth Circuit Court of Appeals. On June 23, 2005, the Fourth Circuit affirmed Movant's sentence. (Document No. 53.); United States v. Cooke, 2005 WL 1488385 (4th Cir. 2005).

On October 31, 2006, Movant filed his instant letter addressed to the Court which the Clerk of the Court construed as a Section 2255 Motion. (Document No. 58.) In his letter, Movant requests that the Court place him on home confinement so that he may provide care to his elderly mother. (Id.) Specifically, Movant states as follows:

> I am writing you requesting that I may be eligible for re-sentencing. I'm talking about possible house arrest. I have family problems that need attention and I'm the only person to take care of this. My problem is my mother is going blind. She has no one but me. I'm asking on her behalf more than mine. Also that would save some expenses on the government. Also, I request that my medical needs have not been meet. Upon sentencing, I was told I would get my operation. Until this day I am still burdened with this problem. Neither my teeth nor other medical problems have truly been addressed.[3]

---

[3] To the extent Movant is alleging inadequate medical care, the allegations contained in Movant's letter do not present a claim of constitutional magnitude. The undersigned finds that Movant's general allegation that officials at MCFP Springfield failed to properly address his medical and dental "problems" is insufficient to state a claim under the Eight Amendment. An assertion of mere negligent conduct or malpractice is not enough to constitute an Eight Amendment violation. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990). Although inmates are clearly entitled to reasonable medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a claim under the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 286, 50 L.Ed.2d 251 (1976). The undersigned first finds that under an objective standard, Movant fails to allege a "sufficiently serious" deprivation of medical care resulting in a "serious or significant physical or mental injury." Movant merely alleges that officials at MCFP Springfield failed to perform a surgery that was promised at sentencing and failed to address "problems" with his teeth. Movant does not allege that he was at risk of death or permanent disability, or suffered continuous severe pain due to the lack of medical or dental treatment. Second, Movant fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Movant must allege each defendant's consciousness of the risk of harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 840, 114 S.Ct.

(Id.) On November 6, 2006, the Clerk of the Court mailed Movant a Section 2255 Form Motion. Movant completed and returned the Section 2255 Form Motion on January 3, 2007. (Document No. 61.) In his Section 2255 Motion, Movant requests that he be released from custody due to "family hardship/recovery from operation." (Id., p. 4.) As supporting facts, Movant states as follows:

> Mother is 90 years old and has no one to care for her. No other children except me and no siblings. I have served over half of my sentence. I'm having trouble healing from my operation; hard to recover in lock down.

(Id.)

> Mother's health has went down. Simple as that. She gave to the community for many years as a school teacher. I'm asking for her, for her needs.
>
> Now I've had the operation, I'm having trouble healing since I first contacted you. It is better for me to heal on my own.

(Id., p. 11.)

## **ANALYSIS**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences. Movant, however, does not challenge the validity of his conviction or sentence. Movant is requesting compassionate release due to his mother's deteriorating health. (Document Nos. 58 and 60.) Accordingly, the undersigned determines that Movant's Motion should

---

1970, 1980, 128 L.Ed.2d 811 (1994). Movant, however, fails to allege that officials at MCFP Springfield knew of and disregarded an excessive risk to his health or safety. Movant does not assert that he sought medical treatment or requested "sick call." Further, there is no indication in Movant's letter that officials at MCFP Springfield were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that officials drew that inference. Accordingly, the undersigned finds that Movant's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under *Bivens*. Moreover, if Movant's intent was to challenge the conditions of his confinement at MCFP Springfield, which is located in Springfield, Missouri, the United States District Court for the Western District of Missouri, would be the proper venue with jurisdiction over Movant's claims. *See* 28 U.S.C. § 1391.

be construed as a Motion for Compassionate Release. The undersigned finds that Movant's Motion for Compassionate Release must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In this case, by virtue of Movant's release from custody, the Respondent can no longer provide the requested relief.

Moreover, even if Movant was still incarcerated, the Court finds that Movant's Motion for Compassionate Release should be denied. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). However, Title 18, U.S.C. § 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under Section 3559©, and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The undersigned finds that Movant fails to meet the requirements for compassionate release under

Section 3582(c)(1)(A). Although Movant contends that his release is necessary due to his mother's deteriorating health, the undersigned finds that he has not presented any evidence that the BOP has tendered to the Court a motion for his early release. Absent a motion from the BOP, the Court lacks authority to grant compassionate release. Accordingly, the undersigned finds that Movant is not entitled to early release under Section 3582(c)(1)(A), and therefore, his Motion must be denied. See Overstreet v. Francis, 2007 WL 3026900 *2 (N.D.W.Va. Jun. 26, 2007)(holding that "petitioner is not entitled to any habeas relief regarding his quest for a compassionate release" because the BOP has not made a such a request).

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 58 and 61.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: October 20, 2009.

*[signature: R. Clarke VanDervort]*
R. Clarke VanDervort
United States Magistrate Judge